UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANGELO S. TONEY,

                                Plaintiff,

      v.                                        **DECISION AND ORDER**
                                                                14-CV-634S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

1.      Plaintiff Angelo S. Toney challenges an Administrative Law Judge's ("ALJ") decision dated November 19, 2012, wherein the ALJ determined that Plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. He now contends that this determination is not based upon substantial evidence, and reversal is warranted.

2.      Plaintiff filed applications for disability insurance benefits and supplemental security income on March 14, 2011, alleging a disability beginning on December 23, 2010. Both claims were initially denied on June 23, 2011. Plaintiff was granted a hearing on those denials and, on October 24, 2012, Plaintiff and a vocational expert appeared and testified. At the hearing, Plaintiff amended his onset date to November 9, 2011. The ALJ subsequently found that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff filed an administrative appeal, submitting additional evidence. The Appeals Council accepted the new evidence and made it part of the record, but denied Plaintiff's request for review on June 11, 2014, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed the instant action on August 6, 2014.

3.      Plaintiff and the Commissioner each filed a Motion for Judgment on the

1

Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5. To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference,

and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the

claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since December 23, 2010,[1] his alleged onset date (R. 22);[2] (2)  Plaintiff had the following severe impairments: low back pain, headaches, learning disability, major depressive disorder, post traumatic stress disorder, and general anxiety disorder (R. 22); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled a recognized disabling impairment under the regulations (R. 22-23); (4) Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work with certain exceptions, including a limitation to simple instructions and the performance of simple, routine, repetitive tasks with only occasional simple decision-making, and only occasional interaction with others (R. 23-26); and (5) Plaintiff was unable to perform his past relevant work as a janitor or packager, but there were nonetheless jobs that existed in significant numbers in the national economy that Plaintiff could perform.  (R. 27-28.)

10. Plaintiff contends that the Appeals Council erred by failing to remand the matter to the ALJ for consideration of the new and material evidence of Plaintiff's mental impairment submitted after the ALJ's decision. (Pl's Mem of Law at 18-20.)  Briefly, this is

---

[1]Although the ALJ amended the alleged onset date at the hearing, he nonetheless used the earlier December 2010 date in his decision.

[2] Citations to the underlying administrative record are designated as "R."

4

not a case where the Appeals Council considered the merits of the ALJ's decision and then affirmed. See Snell v. Apfel, 177 F.3d 128, 132 (2d Cir.1999) (reviewing decision of Appeals Council that reconsidered and reversed the ALJ's determination based on the Council's new analysis). Instead, although the Appeals Council made this additional evidence part of the record, it denied Plaintiff's request for review. (R. 1–5.) "SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision." Sims v. Apfel, 530 U.S. 103, 106–7, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000); Perez v. Chater, 77 F.3d 41, 44 (2d Cir.1996); see DiBlasi v. Comm'r of Soc. Sec., 660 F. Supp. 2d 401, 406 (N.D.N.Y. 2009) (where the Appeals Council denies review, it is the ALJ's determination that is the final decision of the Commissioner and therefore reviewable pursuant to 42 U.S.C. § 405(g)). Accordingly, the new evidence is now part of the administrative record to be considered by this Court in determining whether the ALJ's determination is supported by substantial evidence. Perez, 77 F.3d at 45-46; Sobolewski v. Apfel, 985 F. Supp. 300, 311 (E.D.N.Y. 1997). Remand is therefore warranted only if, after consideration of this new evidence in light of the record as a whole, the ALJ's determination is not supported by substantial evidence. see Urena v. Colvin, No. 13 Civ. 06270(LGS)(DCF), 2015 WL 585583, *13 (S.D.N.Y. Feb. 11, 2015) (even where an ALJ's decision was correct at the time it was issued, consideration in a 405(g) review of new evidence submitted to the Appeals Council may render that decision unsupported by substantial evidence) (citing Brown v. Apfel, 174 F.3d 59, 65 (2d Cir. 1999)).

11. Plaintiff further contends that the ALJ's assessment of his mental RFC is not supported by substantial evidence because the ALJ failed to consider Plaintiff's inability

5

to maintain a regular schedule and respond to changes in the work environment. In his decision, the ALJ concluded that Plaintiff could "understand, remember and carry out simple instructions and perform simple routine repetitive tasks; can occasionally perform simple decision making; can occasionally learn simple new tasks; can occasionally have interaction with others; can only perform jobs that require no reading or math; and can occasionally adjust to work place changes." (R. 24.)

This assessment is consistent with those records, other than Plaintiff's self-reports, that Plaintiff cites as establishing his difficulty in sustaining daily activities. (Pl's Mem of Law at 21.) The ALJ gave significant weight to the consultative psychiatric examiner who concluded that "[Plaintiff] can follow and understand simple directions, perform simple tasks, *maintain attention and concentration* and *maintain a regular schedule*. He has moderate limitations in his ability to learn new tasks, perform *complex* tasks, make adequate decisions at times, relate with others, and deal with stress." (R. 26, 227 (emphasis added).) Plaintiff's treating social worker similarly opined that Plaintiff had only moderate limitations with respect to simple tasks and decisions, although marked limitations with anything complex, and only moderate limitations with respect to interacting appropriately with the public, supervisors, and coworkers. (R. 25, 376-78.) To the extent that the social worker found that Plaintiff had a marked, rather than moderate, limitation in dealing with changes in the work place, the ALJ did not err in giving more weight to the consultative examiner's opinion. (R. 26, 377.) The social worker declined to indicate what specific factors supported her determination, and, as the ALJ explained, the consultative examiner's opinion was consistent with the objective evidence in the record, including the social worker's own notes. (R. 25-26, 354-369, 377); see SSR 06-03p, 2006 WL 2329939, *5 (S.S.A. Aug. 9, 2006) (the opinion of a non-acceptable medical source may be given

more weight only where "he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion"). Indeed, shortly before the hearing in this matter, the social worker's treatment notes reflect that Plaintiff had taken several positive steps, including preparing for and passing the written exam for his driver's license, considering taking a GED class, and regular attendance at self-help meetings and church. (R. 362-63, 365, 369; see 391 (new records indicate Plaintiff obtained his driver's license).)

A review of the new evidence accepted by the Appeals Council does not undermine the conclusion that the ALJ's decision is supported by substantial evidence. (R. 5,383-392 (exhibits 21F-23F).) These records reflect Plaintiff's hospitalization for suicidal ideation from November 28 to November 30, 2012, approximately a week following the issuing of the ALJ's decision in this case. (R. 389.) As Defendant notes, however, both Plaintiff's subjective complaints and the resulting medical assessment reflect that this is an escalation of previous symptoms. (R. 383 (Plaintiff reported becoming "increasingly depressed" over a two-day period prior to admission); 386 (increased depression precipitated by denial of SSI benefits).) On January 7, 2013, a neuropsychologist opined that Plaintiff had a developmental reading disorder and depression, findings consistent with the record as a whole. (R. 392.) He also found that Plaintiff "was compromised cognitively, but the degree of deficit cannot be specifically delineated due to vacillation of attention and motivation during the exam." (R. 392; see 390-91 (neuropsycholgist noted that Plaintiff could very likely perform better than test scores suggested).) Thus, although the neuropsychologist opined that Plaintiff's employment opportunities would be limited, there is nothing to suggest that the ALJ's assessment of Plaintiff's RFC and the finding that Plaintiff was not disabled (that is, that there were nonetheless some jobs available in the

national economy that he could perform) through the date of the decision were not supported by substantial evidence.

12. Having considered Plaintiff's challenges, as well as the additional evidence made part of the record by the Appeals Council, this Court is satisfied that the ALJ committed no reversible error, and that his decision is based on substantial evidence. Defendant's Motion for Judgment on the Pleadings is therefore granted and Plaintiff's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: September 19, 2015
      Buffalo, New York

      /s/William M. Skretny
      WILLIAM M. SKRETNY
      United States District Judge